UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHINIKKA HICKS and KIERRA CALLAWAY,**      **Plaintiffs,**  v.  **1715 NORTHSIDE DRIVE, INC.;**  **A-1 ENTERTAINMENT, LLC;**  **VERONICA ENTERPRISES, INC.;**  **1271 MARIETTA BLVD., LLC;**  **CARMEN POPOVITCH; ALEXANDER "VIC" POPOVITCH; and BRIANIA JANAE SIMMONS a/k/a "Blondee."**      **Defendants.** | Case No. _____  JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiffs Shinikka Hicks ("Ms. Hicks") and Kierra Callaway ("Ms. Callaway"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against 1715 Northside Drive, Inc. ("1715"); A-1 Entertainment, LLC ("A-1"); Veronica Enterprises, Inc. ("Veronica"); 1271 Marietta Blvd., LLC ("1271"); Carmen Popovitch ("Ms. Popovitch"); Alexander "Vic" Popovitch ("Mr. Popovitch"); and Briania "Blondee" Janae Simmons ("Ms. Simmons") (collectively "Defendants"), showing the Court as follows:

# INTRODUCTION

1. This is a Fair Labor Standards Act minimum wage and overtime case. Defendants own and operate two Atlanta nightclubs under the trade names "Diamond Club" and "Vivide." These clubs feature entertainment in the form of nude and semi-nude female dancing.

2. Defendants employed Plaintiff Hicks as a "house mom" at these nightclubs but illegally treated her as an independent contractor rather than as an employee. Hicks's sole compensation was in the form of tips, in violation of the FLSA's minimum wage requirements. In addition to not paying Hicks for her work, Defendants required that Hicks pay kickbacks to them as a condition of employment, creating an effective negative hourly rate. Additionally, Hicks worked substantial overtime for which she did not receive overtime premiums as required by the FLSA.

3. Plaintiff Callaway worked at both Diamond Club and Vivide as an exotic dancer. During this time, Defendants also misclassified Callaway as an independent contractor, forced her to work for tips only, and forced her to pay kickbacks to Defendants as a condition of employment, resulting in FLSA minimum wage violations. Callaway also worked substantial overtime for which she did not receive overtime premiums as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5. Venue properly lies in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391 because Defendants conduct business in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6. Ms. Hicks is an individual residing in Fulton County, Georgia.

7. Ms. Hicks worked at Diamond Club and Vivide as a "house mom" from approximately September 2020 to March 2021 and again from October 5, 2021, to March 15, 2022 (hereinafter "the Relevant Time Period" with respect to Plaintiff Hicks).

8. Ms. Callaway is an individual residing in Gwinnett County, Georgia.

9. Ms. Callaway worked at Diamond Club and Vivide as an exotic dancer from approximately September 2020 through March 15, 2022 (hereinafter "the Relevant Time Period" with respect to Plaintiff Callaway)

10. 1715 is a domestic corporation organized under the laws of Georgia.

11. 1715 can be served with process through its registered agent, Ms. Popovitch, at 1715 Northside Dr. NW, Atlanta, GA, 30318, USA.

12. 1715 is subject to the personal jurisdiction of this Court.

13. A-1 is a limited liability company organized under the laws of Georgia.

14. A-1 can be served with process through its registered agent, Ms. Popovitch, at 1715 Northside Dr. NW, Atlanta, GA, 30318, USA.

15. A-1 is subject to the personal jurisdiction of this Court.

16. Veronica is a domestic corporation organized under the laws of the State of Georgia.

17. Veronica can be served with process through its registered agent, Ms. Popovitch, at 1271 Marietta Blvd NW, Atlanta, GA, 30318, USA.

18. Veronica is subject to the personal jurisdiction of this Court.

19. 1271 is a limited liability company organized under the laws of Georgia.

20. 1271 can be served with process through its registered agent, Ms. Popovitch, at 1271 Marietta Blvd NW, Atlanta, GA, 30318.

21. 1271 is subject to the personal jurisdiction of this Court.

22. Ms. Popovitch is a resident of Fulton County, Georgia.

23. Ms. Popovitch can be served with process at her residence or wherever she can be found.

24. Ms. Popovitch is subject to the personal jurisdiction of this Court.

25. Mr. Popovitch is a resident of Fulton County, Georgia.

26. Mr. Popovitch can be served with process at his residence or wherever he can be found.

27. Mr. Popovitch is subject to the personal jurisdiction of this Court.

28. Ms. Simmons is a resident of Fulton County, Georgia.

29. Ms. Simmons can be served with process at her residence or wherever she can be found.

30. Ms. Simmons is subject to the personal jurisdiction of this Court.

## ENTERPRISE COVERAGE

31. Throughout the Relevant Time Period, Diamond Club had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32. Throughout the Relevant Time Period, Vivide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise

taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33. Throughout the Relevant Time Period, two or more employees of Diamond Club used or handled the following items (among others) that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, spirits, computers, office furniture, office technology, beer, and glassware.

34. Throughout the Relevant Time Period, two or more employees of Vivide used or handled the following items (among others) that moved in interstate commerce that are necessary for performing its commercial purpose: liquor, spirits, computers, office furniture, office technology, beer, and glassware.

35. Throughout the Relevant Time Period, Diamond Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

36. Throughout the Relevant Time Period, Vivide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

37. Throughout the Relevant Time Period, Diamond Club was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 6(a), 29 U.S.C. § 206 (a).

38. Throughout the Relevant Time Period, Vivide was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 6(a), 29 U.S.C. § 206 (a).

39. Throughout the Relevant Time Period, Diamond Club and Vivide were jointly an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a).

## EMPLOYMENT RELATIONSHIP

40. Throughout the Relevant Time Period, 1715 and A-1 owned and operated a night club under the trade name "Diamond Club" located at 1715 Northside Drive, NW, Atlanta, Georgia 30318.

41. Throughout the Relevant Time Period, Diamond Club featured entertainment in the form of nude or semi-nude female dancing.

42. Throughout the Relevant Time Period, Defendants Veronica and 1271 owned and operated an adult night club under the trade name "Vivide" located at 1271 Marietta Boulevard NW, Atlanta, GA 30318.

43. Throughout the Relevant Time Period, Vivide featured entertainment in the form of nude or semi-nude female dancing.

44. As a house mom at both Diamond Club and Vivide, Plaintiff Hicks was responsible for assisting dancers to make sure they were able to get to the stage on time; supplying them with hygiene products; helping them with makeup, hair, and costumes; and performing other miscellaneous tasks assigned by the club managers.

45. As an exotic dancer at both Diamond Club and Vivide, Plaintiff Callaway was responsible for entertaining patrons by performing nude or semi-nude dances.

46. Throughout the Relevant Time Period, Defendants used the services of the same dancers, house moms, bartenders, and waitresses at both Diamond Club and Vivide.

47. Defendants instructed Diamond Club's dancers, house moms, bartenders, and waitresses to work shifts at Vivide in addition to their shifts at Diamond Club.

48. Throughout the Relevant Time Period, Defendants shared control of their employees, including both Plaintiffs.

49. Throughout the Relevant Time Period, Plaintiffs have been under the direct or indirect control of all Defendants with respect to their duties at Diamond Club and Vivide.

50. Throughout the Relevant Time Period, Defendants have exercised joint control over Plaintiffs.

51. Throughout the Relevant Time Period, Defendants acted directly or indirectly in the interest of each other with respect to Plaintiffs.

52. Throughout the Relevant Time Period, 1715 was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

53. Throughout the Relevant Time Period, Plaintiff Hicks was an "employee" of 1715 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

54. Throughout the Relevant Time Period, 1715 was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

55. Throughout the Relevant Time Period, Plaintiff Callaway was an "employee" of 1715 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

56. Throughout the Relevant Time Period, A-1 was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

57. Throughout the Relevant Time Period, Plaintiff Hicks was an "employee" of A-1 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

58. Throughout the Relevant Time Period, A-1 was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

59. Throughout the Relevant Time Period, Plaintiff Callaway was an "employee" of A-1 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

60. Throughout the Relevant Time Period, Veronica was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

61. At all times material hereto, Plaintiff Hicks was an "employee" of Veronica within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

62. Throughout the Relevant Time Period, Veronica was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

63. At all times material hereto, Plaintiff Callaway was an "employee" of Veronica within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

64. Throughout the Relevant Time Period, 1271 was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

65. At all times material hereto, Plaintiff Hicks was an "employee" of 1271 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

66. Throughout the Relevant Time Period, 1271 was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

67. At all times material hereto, Plaintiff Callaway was an "employee" of 1271 within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

68. Throughout the Relevant Time Period, Ms. Popovich was a corporate officer of 1715.

69. Throughout the Relevant Time Period, Ms. Popovich was a member of A-1.

70. Throughout the Relevant Time Period, Ms. Popovich was a corporate officer of Veronica.

71. Throughout the Relevant Time Period, Ms. Popovich was a member of 1271.

72. Throughout the Relevant Time Period, Ms. Popovitch was involved in the day-to-day operations of Diamond Club.

73. Throughout the Relevant Time Period, Ms. Popovitch was involved in the day-to-day operations of Vivide.

74. Throughout the Relevant Time Period, Ms. Popovitch was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

75. Throughout the Relevant Time Period, Plaintiff Hicks was an "employee" of Ms. Popovitch within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

76. Throughout the Relevant Time Period, Ms. Popovitch was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

77. Throughout the Relevant Time Period, Plaintiff Callaway was an "employee" of Ms. Popovitch within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

78. Throughout the Relevant Time Period, Mr. Popovitch held himself out publicly as an owner of Diamond Club.

79. Throughout the Relevant Time Period, Ms. Simmons held herself out publicly as an owner of Diamond Club.

80. Throughout the Relevant Time Period, Mr. Popovitch held himself out publicly as an owner of Vivide.

81. Throughout the Relevant Time Period, Ms. Simmons held herself out publicly as an owner of Vivide.

82. Throughout the Relevant Time Period, Mr. Popovitch exercised managerial authority with respect to Plaintiffs.

83. Throughout the Relevant Time Period, Ms. Simmons exercised managerial authority with respect to Plaintiffs.

84. Throughout the Relevant Time Period, Mr. Popovitch scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

85. Throughout the Relevant Time Period, Ms. Simmons scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

86. Throughout the Relevant Time Period, Mr. Popovitch exercised managerial authority over the work rules at Diamond Club and Vivide.

87. Throughout the Relevant Time Period, Ms. Simmons exercised managerial authority over the work rules at Diamond Club and Vivide.

88. Throughout the Relevant Time Period, Mr. Popovitch exercised managerial authority over Plaintiffs' compensation.

89. Throughout the Relevant Time Period, Ms. Simmons exercised managerial authority over Plaintiffs' compensation.

90. Throughout the Relevant Time Period, Mr. Popovitch was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

91. Throughout the Relevant Time Period, Plaintiff Hicks was an "employee" of Mr. Popovitch within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

92. Throughout the Relevant Time Period, Mr. Popovitch was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

93. Throughout the Relevant Time Period, Plaintiff Callaway was an "employee" of Mr. Popovitch within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

94. Throughout the Relevant Time Period, Ms. Simmons was an "employer" of Plaintiff Hicks within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

95. Throughout the Relevant Time Period, Plaintiff Hicks was an "employee" of Ms. Simmons within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

96. Throughout the Relevant Time Period, Ms. Simmons was an "employer" of Plaintiff Callaway within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

97. Throughout the Relevant Time Period, Plaintiff Callaway was an "employee" of Ms. Simmons within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## ADDITIONAL FACTUAL ALLEGATIONS

*Plaintiff Hicks*

98. Throughout her employment with Defendants, Plaintiff Hicks worked at Diamond Club six days a week, eight hours a day.

99. As of approximately November 2020 and until Plaintiff Hicks's termination, Defendants also required Plaintiff Hicks to work at Vivide three days a week immediately following her shift at Diamond Club.

100. Throughout the Relevant Time Period, Plaintiff Hicks's sole compensation was in the form of tips.

101. Defendants required Plaintiff Hicks to pay kickbacks to them as a condition of employment, creating an effective negative hourly rate.

102. Defendants did not pay Plaintiff Hicks overtime premiums for the substantial overtime she worked during her employment with Defendants.

103. Defendants failed to inform Plaintiff Hicks of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

*Plaintiff Callaway*

104. Throughout her employment with Defendants, Plaintiff Callaway worked for Defendants at both Diamond Club and Vivide.

105. Throughout the Relevant Time Period, Ms. Callaway regularly worked double shifts at Diamond Club and Vivide and consistently worked more than 40 hours a week.

106. Throughout the Relevant Time Period, Plaintiff Callaway's sole compensation was in the form of tips only.

107. Defendants required Plaintiff Callaway to pay kickbacks to them as a condition of employment, creating an effective negative hourly rate.

108. Defendants did not pay Plaintiff Callaway overtime premiums for the substantial overtime she worked during her employment with Defendants.

109. Defendants failed to inform Plaintiff Callaway of the tip-credit provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

## COUNT I
## FAILURE TO PAY MINIMUM WAGE (29 U.S.C. § 206)

110. At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

111. At all times material hereto, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

112. Defendants' failure to compensate Plaintiffs at an hourly rate above or equal to the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

113. At all times material hereto, Defendants required Plaintiffs to pay kickbacks to Defendants and their managers.

114. Defendants' requirement that fees be paid by Plaintiffs to Defendants and their agents and employees violated the "free and clear" requirement of 29 CFR 531.35.

115. Plaintiffs are entitled to payment of minimum wages for all hours worked in an amount to be determined at a trial by jury, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

116. Plaintiffs are entitled to reimbursement of all kickbacks paid to Defendants and their agents and employees, in addition to all other unpaid wages.

117. Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid wages and kickbacks paid in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

118. Defendants are liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME

119. At all times relevant hereto, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

120. At all times relevant hereto, Plaintiffs regularly worked in excess of 40 hours per workweek.

121. Defendants failed to pay Plaintiffs at one-and-one-half times their regular rates for work in excess of 40 hours in any workweek during the entire periods of their employment.

122. Defendants' failure to pay Plaintiffs at one-and-one-half times their regular rates for work in excess of 40 hours in any workweek was willful within the meaning of 29 U.S.C. § 255(a).

123. Defendants willfully failed to pay Plaintiffs at one-and-one-half times their regular rate for work in excess of 40 hours in any workweek during the entire periods of their employment.

124. As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to recovery of their unpaid overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

125. Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid overtime wages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

126. As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to recover their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for relief as follows:

(a)   That Plaintiffs be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid minimum wages due under the FLSA, plus additional like amounts in liquidated damages;

(b)   That Plaintiffs be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime wages due under the FLSA, plus additional like amounts in liquidated damages;

(c)   That Plaintiffs be awarded nominal damages to the extent that liquidated damages are not awarded;

(d)   That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees; and

(e)   For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Respectfully submitted this 1st day of June 2022,

**BERGMAR LAW LLC**

*/s/ Nina Maja Bergmar*
Nina Maja Bergmar
Georgia Bar No. 982879
135 Auburn Ave. NE, Ste. 210
Atlanta, GA 30303
nmb@bergmarlaw.com
Tel. (470) 239-2096
Fax. (404) 806-8696

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew Herrington
Georgia Bar No. 275411
101 Marietta Street NW

Suite 2650
Atlanta, GA 30303
404.979.3150
404.979.3170 (fax)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Attorneys for Plaintiff