## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **SHINIKKA HICKS and KIERRA CALLAWAY,** | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO. 1:22-cv-02189-ELR |
| v. | ) ) | |
| **1715 NORTHSIDE DRIVE, INC.; A-1 ENTERTAINMENT, LLC; VERONICA ENTERPRISES, INC.; 1271 MARIETTA BLVD., LLC; CARMEN POPOVITCH; ALEXANDER "VIC" POPOVITCH; and BRIANIA JANAE SIMMONS a/k/a "Blondee",** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## DEFENDANTS' MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

COME NOW, Defendants 1715 Northside Drive, Inc.; A-1 Entertainment LLC; Veronica Enterprises, Inc.; 1271 Marietta Blvd., LLC; Carmen Popovitch; Alexander Popovitch; and Briania Janae Simmons (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 4 and related Georgia statutes, oppose any extension of time to perfect service of process and further, move to dismiss all claims without prejudice on the grounds that Plaintiffs

Shinikka Hicks and Kierra Callaway ("Plaintiffs") failed to serve Defendants, showing this Honorable Court as follows:

## FACTS

On June 1, 2022, Plaintiffs filed the instant lawsuit seeking damages pursuant to various provisions under the Fair Labor Standards Act. Doc. 1. However, Defendants has never been served. Doc. 20-1 ¶ 4. Instead, on or around June 4, 2022, Plaintiffs' service agent left papers at the doorstep of Carmen Popovitch without personally serving her or confirming she was home at the time. Doc. 20-1 ¶ 5.  The returns of service indicate the purported service was for Carmen Popovitch, on her own behalf, as well as on behalf of Alexander Popovitch; 1715 Northside Drive, Inc.; A-1 Entertainment, LLC; Veronica Enterprises, Inc.; and 1271 Marietta Blvd., LLC. Docs. 10-15. Carmen Popovitch is the registered agent for the named corporate defendants. Doc. 20-1 ¶ 9. Although related, Alexander Popovitch does not reside at 1586 Peachtree Battle Ave, NW, Atlanta, GA 30327. Doc. 20-1 ¶ 8; Doc. 20-2 ¶ 6. Moreover, he has never authorized Carmen Popovitch to accept service on his behalf. Doc. 20-1 ¶ 8; Doc. 20-2 ¶ 6. Rather, he lives with his girlfriend, Briania Simmons, also named in this action. Doc. 20-1 ¶ 8; Doc. 20-2 ¶ 6; Doc. 20-3 ¶ 5.

On or around June 14, 2022, Plaintiffs' agent left papers with Janelle Tate at 7282 Walton Hill, Fairburn, GA 30213. Plaintiffs contend the service was effective for Briania Simmons. Doc. 16. However, while Ms. Tate is a relative of Defendant

Simmons, Simmons does not reside at the Walton Hill address but with Alexander Popovitch. Doc. 20-3 ¶ 5; Doc. 20-2 ¶ 6. Defendant Simmons has never authorized Ms. Tate to accept service on her behalf. Doc. 20-3 ¶ 5.

On August 31, 2022, Plaintiffs filed their Motion for Extension of Time to Serve Defendants, which this Court granted in part and denied in part. Now, along with the Declarations of Carmen Popovitch, Alexander Popovitch, and Briania Simmons, Defendants file this Motion to Dismiss, raising the defenses of insufficiency of service of process, and therefore, lack of personal jurisdiction. Defendants further demonstrate Plaintiffs have failed to act with necessary diligence. For the reasons stated below, Defendants asks the Court to dismiss the case as required by law.

## ARGUMENT AND AUTHORITY

### I. STANDARD FOR GRANTING MOTION TO DISMISS FOR INSUFFICIENT SERVICE.

"Service of process is a jurisdictional requirement: court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

II.   **P**LAINTIFFS' **C**ASE **S**HOULD BE **D**ISMISSED FOR **F**AILURE TO **P**ERFECT **S**ERVICE ON **A**NY **D**EFENDANT.

A party "is not obliged to engage in litigation unless [officially] notified of the action ... under a court's authority, by formal process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999). "When a defendant challenges service of process, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Aaron v. Gwinnett Cty. Sch. Dist., 1:14-cv-00408-WSD, 2014 WL 4094142, at *2 (N.D. Ga. Aug. 19, 2014) (citing Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C., 903 F.2d 1011, 1012 (5th Cir. 1990)).

**A. Statutory provisions governing service of process.**

Unless explicitly waived, federal statute proscribes the ways an individual may be served:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Georgia provides identical methods of service under O.C.G.A. § 9-11-4(e)(7).

Additionally, federal law proscribes service upon a domestic corporation in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1). Under Georgia law, the procedure for perfecting service on an LLC mirrors federal language and is codified under O.C.G.A. § 9-11-4. Additionally, O.C.G.A. § 14-11-1108 provides an alternative way to serve an LLC under Georgia statute and provides, in relevant part, that:

> a limited liability company's registered agent is the limited liability company's agent for service of process, notice, or demand required or permitted by law to be served on the limited liability company. If a limited liability company has no registered agent or the agent cannot with reasonable diligence be served, the limited liability company may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the limited liability company at its principal office.

As shown below, Plaintiffs have not accomplished service on any of the pursuant to the federal rules or by Georgia statutes.

B. **Plaintiffs have not accomplished service for Carmen Popovitch.**

To date, Plaintiffs have not personally served Carmen Popovitch. Doc. 20-1 ¶ 4. "Statutes addressing personal service must be strictly construed because notice is the very bedrock of due process." <u>McRae v. White</u>, 269 Ga. App. 455, 458 (2004) (int cit. and quot. omitted). Further, the Eleventh Circuit has held the term "delivering" refers to personal service. <u>Dyer v. Wal-Mart Stores, Inc.</u>, 318 Fed. Appx. 843, 844 (11th Cir. 2009).

Here, Ms. Popovitch has attested that Plaintiffs' purported service was merely leaving a copy of the Complaint and Summons on her doorstep. Doc. 20-1 ¶ 5. Sworn statements are "direct, personal knowledge of the affiants […] sufficient to carry defendant's burden to overcome the prima facie presumption that service was properly made…" <u>McRae</u>, 23 Ga. App. at 457. In fact, Plaintiffs have acknowledged their **one** and only attempt of personal service was on June 6, 2022. Doc. 17 ¶ 13. Further, as stated, Plaintiffs' server "dropped [the service papers] at the door, took a photo, and left the property." Doc. 17-1 ¶ 20. Although posting a copy of the summons and the complaint on the door of the subject premises is permitted in dispossessory actions, i.e., O.G.C.A. § 44-7-51, no such service is authorized under either Fed. R. Civ. P. 4(e)(2)(A) or O.C.G.A. § 9-11-4. Indeed, such action is decidedly **not** personal service pursuant to the plain language of either statute.

Defendants acknowledge the Court's citation of <u>Cascade Parc Prop. Owners Ass'n, Inc. v. Clark</u>, and <u>Jacobson v. Garland</u>. Doc. 18 at 3, n. 1. However, Defendants contend this Court has not accounted for distinguishing facts in each of those cases that are not present in the instant case. In <u>Cascade Parc Prop. Owners Ass'n, Inc. v. Clark,</u> the court noted the defendant "spoke with a Texas process server by phone and agreed to meet and accept service." 783 S.E.2d 692, 693 (2016). Moreover, in <u>Cascade</u> the court did not allow a service attempt to stand even though the defendant remained behind a locked door. Instead, it held that "the trial court should have granted [plaintiff's] motion for service by publication, and erred by denying it and dismissing the case." 783 S.E.2d at 695.

In <u>Jacobson v. Garland</u>, the court found "Lynch[, the process server,] informed Mrs. Jacobson in a *face-to-face conversation* at the appellant's residence that he was serving process on her." 487 S.E.2d 640, 643 (emphasis added). Again, under certain circumstances service may be considered proper where papers are left outside of door <u>after</u> the process server <u>verified</u> defendant's identity through the door, but defendant refused to open the door. Here, however, there was no verification of Ms. Popovitch's identity through the door. Doc. 20-1 ¶ 6. While the process server indicates that he attempted to verify her identity, his affidavit fails to provide any description regarding how that verification allegedly

occurred and Ms. Popovitch denies that any verification occurred from behind a locked door.

As a registered agent for companies, Defendant Carmen Popovitch has multiple addresses listed with the Georgia Secretary of State where she can be served. However, despite being aware of more than one publicly available address for Defendant Carmen Popovitch (Doc. 1 ¶¶ 11, 17)—which are available specifically for service purposes—Plaintiffs did not attempt service at either location. Further, despite Counsel for Plaintiffs attesting to having deposed Defendant Popovitch several times (Doc. 17-2 ¶ 7), Plaintiffs did not attempt waiver of service by counsel who previously represented Defendant Popovitch and/or a corporation for which she serves as registered agent. Here, there was no agreement to meet, as occurred in Clark and there was no face-to-face conversation as occurred in Jacobson.

Defendants further contend the vagueness of Mr. Handley's Declaration suggests his purpose was not as clearly articulated as purported by Plaintiffs. To wit, there is no mention of Alexander Popovitch by name, and certainly no confirmation of his residence at the property. Yet, Plaintiffs rely on the same encounter as service for Alexander Popovitch, as more fully discussed below. Similarly, Handley makes no mention of the names of any of the corporate defendants, which Plaintiffs initially proffered as effective but has since

acknowledged the deficiencies and attempted substituted service. Ultimately, not opening the door for an unannounced and unknown stranger should not be considered an "evasion," particularly where, as here, there are multiple locations and methods *known to the Plaintiffs* where it is far more reasonable and foreseeable service would be attempted. Indeed, Plaintiffs point to <u>no facts</u> which suggest Defendant Carmen Popovitch should have been aware of a personal service attempt as opposed to an unwelcomed solicitation or other trespasser. Accordingly, this Court should find merely leaving a copy of the Complaint and summons outside of the residence does not qualify as "delivering a copy of the summons and of the complaint to the [Ms. Popovitch] personally" under federal or Georgia statute and Plaintiffs have failed to perfect service with regard to Carmen Popovitch.

## C. Plaintiffs have not accomplished service for Alexander Popovitch.

Federal statute permits service of process by, "leaving a copy of each **at the individual's dwelling or usual place of abode with someone** of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added). O.C.G.A. § 9-11-4(e)(7) reads near identically. Indeed, such reliance is indicated on Plaintiffs' return of service. Doc. 15. However, where the location is not the residence of the defendant, service is defective. <u>See</u> <u>McRae v. White</u>, 269 Ga. App. 455, 457 (2004); <u>Yelle v. U.S. Suburban Press, Inc.</u>, 216 Ga. App. 46, 46 (1995). Importantly,

Plaintiffs cannot hide behind the fact that Defendant is aware of the lawsuit. "A defendant's actual notice is not sufficient to cure defectively executed service." <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007); see also <u>Trammel v. Nat. Bank of Ga.</u>, 285 S.E.2d 590 (1981) (noting where there has been no service of a suit, or waiver thereof, the necessity of service is not dispensed with by the mere fact that the defendant may in some way learn of the filing of the suit).

In <u>Yelle</u>, Court of Appeals reversed the denial of Defendant's motion to dismiss and held "affidavits submitted in support of the motion [to dismiss] showed that the place where service was made was the daughter's residence, not that of the defendant." 216 Ga. App. at 46–47. The Court also held, "the return of service does not show that the sheriff had direct, personal knowledge that the residence where service was made was Yelle's dwelling house or usual place of abode." <u>Id.</u> The Court further held "the affidavits submitted by Yelle were uncontradicted and were direct, personal evidence that service was not accomplished." <u>Id.</u>; <u>see also</u> <u>Adair Realty Co. v. Parrish</u>, 192 Ga. App. 681, 681 (1989) ("The sworn affidavit of the defendant was direct evidence and therefore sufficient to contradict the return of service").

Here, the Complaint and summons were not left with Carmen Popovitch as plainly required by the federal rule and Georgia law. Doc. 20-1 ¶¶ 4-5; Doc. 17-1 ¶ 20. Even if Carmen Popovitch had been handed the Complaint and summons— which she was not, the purported service for Alexander Popovitch would still be

defective. Defendant Alexander Popovitch does not reside at 1586 Peachtree Battle Ave, NW, Atlanta, GA 30327, i.e., the address listed on the return of service. <u>See</u> Doc. 15; Doc. 20-1 ¶ 8; Doc. 20-2 ¶ 6. Notably, Plaintiffs return of service also omits any indication that the server attempted to verify Alexander's residence at the Peachtree Battle address, or even that personal service upon Alexander was ever attempted. Indeed, Handley's Declaration omits any inquiry about Alexander Popovitch, including whether it was his primary residence or whether anyone at the address was authorized to accept service on his behalf. <u>See</u> Doc. 17-1, generally. Plaintiffs' Complaint alleges Alexander's ownership interest, yet no attempts to serve him at his workplace are noted.  Permitting Plaintiffs to simply ignore the rule and leave a copy of the Complaint and summons at a location where a defendant does **not** reside disregards the plain language and clear intent of the statute and contravenes established case law and must not be allowed by this Court.

Additionally, Plaintiffs may not later contend service upon Carmen Popovitch was effective because she was an "apparent agent" of Alexander Popovitch as no such indication was made on the return of service. <u>See</u> Doc. 15. Such an argument would be devoid of both legal and factual legs and cannot stand. The language of Rule 4 permits service only upon an agent "authorized by law or appointment." Plaintiffs provide no evidence that Carmen Popovitch was authorized to act as agent of service for Alexander. It is black letter law in both federal and Georgia courts that

service of process on merely an apparent agent is not sufficient. It must be made on an actual agent. See Smith v. Sentry Ins., 674 F. Supp. 1459, 1462 (N.D. Ga. 1987); Thaxton v. Georgia Insurer's Insolvency Pool, 158 Ga. App. 407, 408 (1981) (affirming motion to dismiss based on plaintiff's defective service on an alleged agent). As a result, Plaintiffs have also not delivered a copy of the summons and complaint to Mr. Popvitch's agent as proscribed by Rule 4(e)(2)(c).

Consequently, Plaintiffs have failed to perfect service on Alexander Popovitch by any proscribed method.

**D. Plaintiffs have not accomplished service for Briania Janae Simmons.**

Again, Plaintiffs have failed to comply with the statue. The reasoning is identical to Plaintiffs' failure regarding Alexander Popovitch. See, supra., Section II. C; Fed. R. Civ. P. 4(e). Namely, Defendant Simmons does not reside at 7282 Walton Hill, Fairburn, GA 30213, which is the address listed on the return of service submitted by Plaintiffs. Doc. 20-3 ¶¶ 4-5; Doc. 16. Again, Plaintiffs have indicated no efforts to serve Simmons personally, either at home or at her alleged workplace. As they did with Alexander, Plaintiffs failed to verify Simmons's residence at the Walton Hill address. Finally, Plaintiffs have not established that Jenelle Tate, the alleged resident of suitable age and discretion, is an authorized agent for Defendant Simmons pursuant to Rule 4(e)(2)(c). Accordingly, Plaintiffs have failed to perfect service with respect to Defendant Simmons.

**E. Plaintiffs have not accomplished service for the Corporate Defendants.**

Plaintiffs have failed to comply with any of the methods of service under federal or Georgia statute for corporate entities. Under federal law, a domestic corporation in a judicial district of the United States must be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; or by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4.; see also, O.C.G.A. §§ 9-11-4(e)(1)(A) and 14-11-1108 (codifying ways to serve corporate entities). As noted previously, the Eleventh Circuit has held the term "delivering" refers to personal service. Dyer, 318 Fed. Appx. at 844.

Here, Plaintiffs' own pleadings and exhibits are prima facie evidence of their deficient service of process. Specifically, Plaintiffs' substituted service attempts upon the Georgia Secretary of State on August 25, 2022 are demonstrative that they were aware of their defective service. See Doc. 17 ¶ 15. Plaintiffs admit having knowledge of the Registered Agent's address for 1715 Northside Drive, Inc. and A-1 Entertainment, LLC as 1715 Northside Drive, NW, Atlanta, GA 30318 as well as for Veronica Enterprises, Inc. and 1271 Marietta Blvd., LLC at 1271 Marietta Blvd., NW, Atlanta, Georgia 30318. See Doc. 17 ¶ 10, 11. In support of their purported

service and Motion for Extension of Time, Plaintiffs have submitted the Declaration of Wiley D. Handley, the processes server retained by Plaintiffs. Even more probative than the included statements are the omissions. Despite knowledge of publicly available information noting Defendants' Registered Agent's address—which exists for this very reason—Handley's declaration fails to indicate any attempted service upon the Registered Agent at either the 1715 Northside address or the 1271 Marietta Blvd address at any time. <u>See</u> Doc. 17-1, generally.

Plaintiffs' service attempt on June 6, 2022 fails because it only entails leaving a copy of the Complaint and Summons on Carmen Popovitch's doorstep rather than personal service. <u>See</u> Doc. 20-1 ¶ 5; Docs. 10, 11, 12, 13; Doc. 17-1 ¶ 20.  Plaintiffs have failed to comply with any of the methods of service under federal or state statute, and therefore, this Court should find Plaintiffs have not perfected service as required with the above-named corporate defendants.

As a result, Plaintiffs have failed to serve any Defendant with legal process in this matter.

## III.  <u>PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE TO WARRANT AN EXTENSION OF TIME</u>

### A. **Plaintiffs have failed to strictly comply with statute.**

Plaintiffs contend they have served the corporate Defendants via certified mail pursuant to O.C.G.A. § 9-11-4(e)(1). Doc. 17 ¶ 15. However, the statute requires "[t]he plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of

State […] that service cannot be effected at such office [of the registered agent listed on the records of the Secretary of State]." O.C.G.A. § 9-11-4(e)(1). As indicated previously, however, Plaintiffs have failed to attempt service at either official address contained in the Secretary of State records. See, supra., Section II. E.

Indeed, the statute further specifies notice requirements for certification of the attempted service: "a copy of the affidavit [submitted to the Secretary of State and] *to be submitted to the court* pursuant to this Code section." O.C.G.A. § 9-11-4(e)(1)(A)(emphasis added). Here, only the declarations of Wiley D. Hanley (Doc. 17-1) and Matthew W. Herrington (Doc. 17-2) were submitted to this Court. However, neither name appears as inclusions on the face of the letters sent to the Secretary of State. See Doc. 17-7. The affidavit's absence, therefore, is not only conspicuous but is deleterious to Plaintiffs' attempt to effect service of process on Defendant through the Secretary of State. Cf. Davis v. Frederick J. Hanna & Associates, P.C., 506 F. Supp. 2d 1322, 1324 (N.D. Ga. 2007) ("Plaintiff's counsel certified in an affidavit provided to the Secretary of State that she attempted to serve Defendant"). Conversely, the Certificate of Charles R. Bridges was allegedly sent to the Secretary of State. However, no such inclusion has been submitted to this Court.

Plaintiffs have clearly failed to comply with the express requirement of the statute. At a minimum, if an affidavit was served upon the Secretary of State, it was not filed with this Court as required. Consequently, Plaintiffs have not effected

service through the Secretary of State pursuant to the plain language of the statute. See O.C.G.A. § 9-11-4(e)(1)(A); see also Anthony Hill Grading, Inc. v. SBS Investments, LLC, 678 S.E.2d 174, 176-77 (2009)(holding the plaintiff's failure to provide certification is a failure to comply with statute for substituted service).

**B. Plaintiffs have not made diligent attempts and may not use substituted service.**

Prior to even using substituted service, the law requires Plaintiffs to attempt to serve the registered agent with "reasonable diligence." Courts have found significantly more diligent attempts by other parties as insufficient compared to those Plaintiffs describe (or rather, omit) here. In Moore v. Wilkerson, the plaintiff hired a private investigator who made three attempts in addition to speaking with the sheriff and various other efforts. Still, the Court ultimately rejected the plaintiff's efforts as not reasonably diligent. See 283 Ga. App. 340, 342 (2007).

Here, Plaintiffs cannot dispute that **no attempts were made at the places of business or the listed addresses of the registered agent.** Further, notwithstanding their admitted knowledge of the process, Plaintiffs concede their failed diligence. Plaintiffs' counsel admits, "Counsel is currently awaiting confirmation of service from the Georgia Secretary of State. It has been counsel's experience that this process usually takes several weeks." Doc. 17 ¶ 17 (emphasis added). Beyond their failure to even properly attempt personal service, and despite knowing the process takes several weeks, Plaintiffs waited to attempt substituted service on August 25,

2022—a mere six days before the statutory service period would expire according to Plaintiffs own calculations. Doc. 17 ¶¶ 3, 15. Rather than the diligent efforts required, Plaintiffs have been anything but.

Accordingly, this Court must conclude that Plaintiffs have not personally served Defendants, failed to act with reasonable diligence, and may not utilize substituted service.

## CONCLUSION

Plaintiffs' claims should be dismissed. Plaintiffs have not perfected service on any Defendant, thereby failing to meet a basic requirement for the Court to have jurisdiction. Plaintiffs have failed to diligently attempt service, having made one attempt at personal service before using substituted service but having never attempted service at the places of business or the listed offices of the registered agent. Even then, Plaintiffs have not completed the substituted service within 90 days of filing nor have taken reasonable steps to do so. As a result, Defendants request the Court reconsider its extension to October 5, 2022, and that Plaintiffs' claims be dismissed.

Respectfully submitted this 22nd day of September, 2022.

**NEWBY LAW GROUP, LLC**

*/s/ Kenneth A. Newby*
Kenneth A. Newby
GA State Bar No.: 179772

/s/ *Jamaal R. Brown*
Jamaal R. Brown
Georgia Bar No. 574026
*Attorneys for Defendants*

55 Ivan Allen Jr. Blvd. N.W.
Suite 820
Atlanta, GA 30308
(404) 736-3727 (t)
(404) 745-0075 (f)
ken@newbylawgroup.com
jamaal@newbylawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **SHINIKKA HICKS and KIERRA CALLAWAY,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:22-cv-02189-ELR |
| v. | ) ) ) | |
| **1715 NORTHSIDE DRIVE, INC.; A-1 ENTERTAINMENT, LLC; VERONICA ENTERPRISES, INC.; 1271 MARIETTA BLVD., LLC; CARMEN POPOVITCH; ALEXANDER "VIC" POPOVITCH; and BRIANIA JANAE SIMMONS a/k/a "Blondee",** | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## CERTIFICATE PURSUANT TO LR 7.1(D), N.D.G.A.

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection approved in L.R. 5.1, namely, Times New Roman font size 14, and certifies the same pursuant to LR 7.1(D), N.D.Ga.

**NEWBY LAW GROUP, LLC**

*/s/ Kenneth A. Newby*
Kenneth A. Newby
Georgia Bar No. 179772

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **SHINIKKA HICKS and KIERRA CALLAWAY,** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:22-cv-02189-ELR |
| v. | ) ) | |
| **1715 NORTHSIDE DRIVE, INC.; A-1 ENTERTAINMENT, LLC; VERONICA ENTERPRISES, INC.; 1271 MARIETTA BLVD., LLC; CARMEN POPOVITCH; ALEXANDER "VIC" POPOVITCH; and BRIANIA JANAE SIMMONS a/k/a "Blondee",** | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I certify that I electronically filed this **Motion to Dismiss and Incorporated Memorandum of Law** with the Court using the CM/ECF system on September 22, 2022, which will automatically send an e-mail notification to all counsel of record who have consented to receiving such electronic notice.

/s/ *Jamaal R. Brown*
Jamaal R. Brown
Georgia Bar No. 574026

NEWBY LAW GROUP
55 Ivan Allen Jr. Blvd. N.W.
Suite 820
Atlanta, GA 30308